**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Robert HAGEN, Defendant—Appellant.**

**No. 02–50361.
D.C. No. CR–99–00448–BTM.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 21, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Robert Hagen appeals the district court's denial of his motion to vacate an 18–month term of supervised release imposed pursuant to 18 U.S.C. § 3583(h) following the revocation of his initial supervised release term. Hagen contends that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 18 U.S.C. § 3583(h) unconstitutional be-

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cause it authorizes a possible increase in the penalty beyond the statutory maximum based upon judicial findings proved only by a preponderance of the evidence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the constitutionality of a statute, *United States v. Mack,* 164 F.3d 467, 471 (9th Cir.1999), and we affirm.

The district court originally sentenced Hagen to 12 months and one day of incarceration, followed by three years of supervised release for bringing illegal aliens into the United States without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). For violating the terms of his supervised release, Hagen was sentenced to an additional 10 months of incarceration followed by an additional 18 months of supervised release.

Hagen's total sentence of 22 months of incarceration and 4½ years of supervised release did not exceed the statutory maximums applicable to his crime. *See* 8 U.S.C. § 1324(a)(2)(B)(iii) (authorizing maximum of ten years' imprisonment); 18 U.S.C. § 3583(b) (authorizing five years of supervised release). Accordingly, neither 18 U.S.C. § 3583(h) nor Hagen's additional 18–month term of supervised release is unconstitutional. *See United States v. Sua,* 307 F.3d 1150, 1154 (9th Cir.2002) (*Apprendi* rule is not violated when defendant's sentence does not exceed the prescribed statutory maximum), *cert. denied,* —— U.S. ——, 123 S.Ct. 1327, 154 L.Ed.2d 1078 (2003).

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.